Lynn MARTIN, Secretary
of Labor, Petitioner,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,
and Milliken & Company, Respondents.

No. 91–8365.

United States Court of Appeals,
Eleventh Circuit.

Dec. 4, 1991.

United States Dept. of Labor, Allen H. Feldman and Nathaniel I. Spiller, Washington, D.C., for petitioner.

Melegia Lee Daniels, Jr., Thompson, Mann & Hutson, Greenville, S.C. and Robert T. Thompson, Jr., Thompson, Mann & Hutson, Atlanta, Ga., for Milliken & Co.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

In this petition for review, the Secretary of Labor challenges the decision of the Occupational Safety and Health Review Commission. The Secretary issued to Milliken & Company a citation for violation of the permissible exposure limits of cotton dust contained in the Secretary's regulation; 29 C.F.R. § 1910.1043(c)(1), implementing the Occupational Safety and Health Act. The Secretary designated the violation as a "serious violation" under 29 U.S.C. § 666(k). The Commission vacated the Secretary's citation, concluding that the Secretary had failed to carry its burden of proving that Milliken could have known of the impermissible exposure with the exercise of reasonable diligence.[1]

The Secretary presents for our review only the following issues:[2] (1) the Secretary argues that the Commission decision equated the relevant monitoring standard (i.e., 29 C.F.R. 1910.1043(d)) with the reasonable diligence standard contained in § 666(k) and that this constituted an erroneous legal interpretation of the Act; (2) the Secretary argues that the Commission's finding of reasonable diligence is a mixed question of law and fact, and that the finding was legal error; and (3) the Secretary argues that its legal interpretation of the Act, and not the Commission's, is entitled to deference under *Martin v. OSHRC*, —— U.S. ——, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991) (i.e., both with respect to its legal interpretation that the monitoring standard and the reasonable diligence

standard are separate and independent requirements, and with respect to its legal interpretation that Milliken was not reasonably diligent here).

■ We reject the Secretary's first argument because we do not construe the Commission's decision as holding that the monitoring standard is to be equated per se with the reasonable diligence standard. Rather, we construe the Commission to have found as a matter of fact that the Secretary had failed to carry its burden of proving[3] that Milliken could have known of the impermissible exposure with the exercise of reasonable diligence. It is true that the Commission placed significant reliance on the fact that Milliken's monitoring complied with the relevant monitoring standard. However, we do not construe the Commission to have held that compliance with the monitoring standard is dispositive; rather, the Commission held only that the Secretary had failed to adduce evidence to prove that Milliken, notwithstanding its compliance with the monitoring standard, could have known of the excessive exposure with the exercise of reasonable diligence.[4]

■ We also reject the Secretary's second argument. We hold that the Commission's finding with respect to reasonable diligence is a question of fact, subject to substantial evidence review, and not a mixed question of law and fact. The relevant provision of the statute defines a "serious violation" as follows:

> For purposes of this section, a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condi-

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge, for the Seventh Circuit, sitting by designation.

1. Under § 666(k), there is no serious violation if Milliken "did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

2. The Secretary's brief makes one additional argument which we decline to entertain. The Secretary argues that, even if we affirm the Commission's finding that there was not a serious violation, we should reinstate the citation because at a minimum there was a nonserious

violation. 29 U.S.C. § 666(c). Because the issue was not presented in the proceedings below, we decline to entertain it when presented for the first time on appeal.

3. The Secretary accepted the burden of proof in the proceedings below, and does not on appeal assert error on that basis. Therefore, we need not decide where the burden of proof lies.

4. Since the Commission did not hold that the monitoring standard is to be equated with the reasonable diligence standard, we likewise need not address that legal question.

tion which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.

29 U.S.C. § 666(k). What constitutes reasonable diligence will vary with the facts of each case. We think that this determination is appropriately considered to be a question of fact, and that the substantial evidence standard of review is appropriate. In so holding, we follow the binding precedent in *Atlas Roofing Co. v. Occupational S. & H. Rev. Com'n*, 518 F.2d 990, 1013 (5th Cir.1975), *aff'd on other grounds*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977),[5] where the court stated that the question of reasonable diligence under § 666(k) "was a question of fact for which the administrative triers had ample basis to conclude that [the employer] should have known of the presence of the violation." This holding is consistent with the decisions of other courts of appeal which have squarely addressed the issue. *Pennsylvania P. & L. v. Occupational S. & H.R. Comm'n*, 737 F.2d 350, 352, 354–55, 358 (3d Cir.1984); *Dunlop v. Rockwell Intern.*, 540 F.2d 1283, 1287–88 (6th Cir.1976); cf. *Electric Smith, Inc. v. Secretary of Labor*, 666 F.2d 1267, 1270–1271 (9th Cir.1982) (applying the arbitrary and capricious/not in accordance with law standard of 5 U.S.C. § 706(2)(A) in a somewhat different context).

Having determined that the Commission did not in fact make a legal interpretation equating the monitoring standard with the reasonable diligence standard, and having determined that the Commission's finding of reasonable diligence is a question of fact, the Secretary's third argument is moot. There is no legal interpretation of the Act relevant to this appeal, and thus no occasion for us to defer to the Secretary's interpretation.[6]

For the foregoing reasons, the decision of the Commission is

AFFIRMED.

---

**5.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

**6.** The statute expressly provides that the Commission's findings of fact shall be conclusive "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a). In this appeal, the Secretary makes no argument that the Commission's finding lacks support by substantial evidence. In fact, the Secretary emphasizes that it is only arguing for a review of questions of law. *See* Secretary's Reply Brief at 4–6.